```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

KATHLEEN SULLIVAN, *o/b/o Danielle Joan Sullivan*,

                     Plaintiff,        **1:16-cv-00650 (MAT)**

                                       **DECISION AND ORDER**

          -vs-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                     Defendant.

## I. Introduction

Plaintiff Kathleen Sullivan ("plaintiff") brings this action on behalf of her deceased daughter, Danielle Joan Sullivan ("claimant"), pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("defendant" or "the Commissioner") denying claimant's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is denied and defendant's motion is granted.

## II. Procedural History

Claimant protectively filed applications for DIB and SSI on November 15, 2012, alleging disability beginning September 1, 2012

due to bipolar disorder, depression, anxiety, panic attacks, post-traumatic stress disorder, obsessive compulsive disorder, kidney problems, ovarian cysts, drug rehabilitation, and uterine bleeding. Administrative Transcript ("T.") 181-88, 244. Claimant's applications were initially denied, and she timely requested a hearing before an administrative law judge ("ALJ"), which occurred on December 18, 2014, before ALJ Robert T. Harvey. T. 47-87. On February 5, 2015, ALJ Harvey issued a decision in which he found claimant not disabled as defined in the Act. T. 27-41. Claimant timely filed a request for review with the Appeals Council. T. 26. While the matter was pending before the Appeals Council, claimant died from a prescription drug overdose. Plaintiff, claimant's mother, was substituted on her behalf. The Appeals Council denied claimant's request for review on August 4, 2016, rendering the ALJ's determination the Commissioner's final decision. T. 1-4. Plaintiff subsequently commenced the instant action.

**III. The ALJ's Decision**

Initially, the ALJ found that claimant met the insured status requirements of the Act through December 31, 2017. T. 32. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that claimant had not engaged in substantial gainful activity since September 1, 2012, the alleged onset date. *Id*. At step two, the ALJ found that claimant had the severe impairments of opioid dependence, anxiety,

2

depression, and bipolar disorder, and non-severe impairments of asthma, hypertension, hypothyroidism, and obesity. T. 32-33. At step three, the ALJ found that claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment. T. 33. Before proceeding to step four, the ALJ found that claimant retained the residual functional capacity ("RFC") to perform all exertional activities consistent with the broad world of work, with the following non-exertional limitations: cannot work in areas with unprotected heights; cannot work around heavy, moving, or dangerous machinery; no climbing ropes, ladders, or scaffolds; occasional limitations in the ability to interact appropriately with the general public, to respond appropriately to changes in a work setting, and in dealing with stress. T. 34. At step four, the ALJ found that claimant was unable to perform any past relevant work. T. 39. At step five, the ALJ found that, considering claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that claimant could perform. T. 40. Accordingly, the ALJ found that claimant was not disabled as defined in the Act. T. 41.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also*

*Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted).

Here, plaintiff makes the following arguments in favor of her motion for judgment on the pleadings: 1) the ALJ violated the treating physician rule by giving little weight to the opinion of claimant's treating physician Dr. Alfred Belen; 2) the ALJ failed to properly consider whether claimant's substance abuse was the cause of her disability; and 3) the ALJ failed to properly consider whether claimant's medical impairments met the requirements for Medical Listings 12.04 and 12.06. For the reasons discussed below, the Court finds these arguments without merit.

**A. The ALJ did not Violate the Treating Physician Rule**

The treating physician rule requires an ALJ to give controlling weight to a treating physician's opinion when that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight

4

assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6).

In this case, Dr. Belen completed a medical source statement dated January 7, 2014, in which he opined that plaintiff suffered from bipolar disorder, depression, anxiety, cannabis abuse, and insomnia. T. 430-33. Dr. Belen indicated in his medical source statement that plaintiff's impairments or treatments would cause her to be absent from work less than once a month, but that she had poor or no ability to: carry out simple instructions; maintain attention for two hour segments; sustain an ordinary routine without special supervision; complete a normal workday and workweek without interruptions from psychologically based symptoms; perform

5

at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without exhibiting behavioral extremes; respond appropriately to changes in a routine work setting; deal with normal work stress; be aware of normal hazards and take precautions; set realistic goals or make plans independently of others; interact appropriately with the public; travel in unfamiliar places; and use public transportation. Dr. Belen further opined that claimant had moderate restriction in her activities of daily living and moderate difficulties in maintaining social functioning, often experienced deficiencies in maintaining concentration, persistence, or pace, and had experienced episodes of decompensation once or twice.

In his decision, the ALJ gave little weight to Dr. Belen's medical source statement, explaining that it was internally contradictory and unsupported by the medical evidence of record. The Court agrees with the ALJ, and finds that he adequately explained his determination that Dr. Belen's opinion was entitled to less than controlling weight.

"A [treating] physician's opinions are given less weight when his opinions are internally inconsistent." *Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012). Here, on its face, Dr. Belen's opinion contained several internal inconsistencies. For example, in response to one question, Dr. Belen indicated that claimant had

poor or no ability to understand and remember very short and simple instructions. T. 430. However, in response to another question, he indicated that claimant had a fair ability to understand and remember detailed instructions. T. 432. These two opinions are irreconcilable - there is no reason why a person who could understand and remember detailed instructions would be unable to understand and remember very short and simple instructions.

Additionally, Dr. Belen indicated that claimant had a fair ability to maintain socially appropriate behavior and only moderate difficulties in maintaining social functioning, yet also opined that she had no ability to interact with the general public or get along appropriately with co-workers and peers. Again, the inconsistencies in these opinions are apparent, and Dr. Belen made no attempt to reconcile them.

Dr. Belen's medical source statement was also inconsistent with his own treatment records. At appointments on October 10, 2013, November 7, 2013, and December 6, 2013, Dr. Belen's treatment records indicate that claimant was fully oriented, her thought content was normal, her mood was stable, her memory was intact, her attention, concentration, and affect were full and appropriate, and her thought processes were linear and goal-directed. T. 442, 445, 449. In January 2014, plaintiff saw Dr. Belen and reported that she was "in a really good place mood wise," that her energy and concentration were stable, and that her anxiety was under control. T. 438. In other words, Dr. Belen's treatment records simply are

7

not consistent with the extremely severe restrictions he noted in his medical source statement. Under these circumstances, it was appropriate for the ALJ to afford Dr. Belen's opinion limited weight. *See*, *e.g.*, *Domm v. Colvin*, 579 F. App'x 27, 28 (2d Cir. 2014) (ALJ properly afforded less than controlling weight to treating physician's opinion where his "restrictive assessment was inconsistent with his own treatment notes"); *Shaffer v. Colvin*, 2015 WL 9307349, at *3 (W.D.N.Y. Dec. 21, 2015) (treating physician rule not violated where ALJ afforded little weight to opinion that inconsistent with doctor's own treatment notes).

Moreover, there is no merit to plaintiff's argument that the ALJ was required to recontact Dr. Belen for additional information. "The mere fact that medical evidence is conflicting or internally inconsistent does not mean that an ALJ is required to re-contact a treating physician. Rather . . ., it is the sole responsibility of the ALJ to weigh all medical evidence and resolve any material conflicts in the record where the record provides sufficient evidence for such a resolution." *Micheli*, 501 F. App'x 26 at 29-30. In this case, there was ample evidence in the record regarding claimant's condition, including Dr. Belen's own treatment notes. The ALJ properly assessed claimant's RFC based on that information, and the Court accordingly finds that he was not required to recontact Dr. Belen.

**B. The ALJ Properly Assessed the Impact of Claimant's Substance Abuse**

Plaintiff's second argument is that the ALJ failed to properly assess whether claimant's substance abuse was the cause of her disability. Plaintiff's argument misapprehends the ALJ's legal obligation.

"In 1996, Congress enacted the Contract with America Advancement Act . . .which amended the Act by providing that [a]n individual shall not be considered ... disabled ... if alcoholism or drug addiction would ... be a contributing factor material to the Commissioner's determination that the individual is disabled." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012) (internal quotations omitted). Accordingly, where a claimant suffers from alcoholism or drug addiction and an ALJ finds that she is disabled, the ALJ must then consider whether, if the claimant stopped her substance abuse, the remaining limitations would cause more than a minimal impact on her ability to perform basic work activities. *See id*. "The critical question is whether [the Commissioner] would still find [the claimant] disabled if [she] stopped using drugs or alcohol." *Id*. (internal quotation omitted).

In this case, the ALJ determined at step two that claimant had a severe impairment of opioid dependence. T. 32. However, he found at step three that she was not disabled even factoring in the impacts of her substance abuse. T. 35. Accordingly, the ALJ stated that it was "unnecessary to determine if substance abuse is

a contributing factor material to the determination of disability." *Id*. This is a correct statement of the law. By definition, if a claimant is not disabled even when the affects of her substance abuse are taken into account, she would not be disabled if she were to cease her substance abuse. Accordingly, the Court finds that the ALJ did not commit any legal error in considering the impact of claimant's substance abuse on the disability determination.

C. **The ALJ Appropriately Considered the Medical Listings**

Plaintiff's third and final argument is that the ALJ failed to properly consider whether claimant's impairments met or equaled Medical Listings 12.04 and 12.06. However, a review of the ALJ's decision demonstrates that he did in fact conduct a thorough assessment with respect to these Medical Listings.

"The Social Security regulations list certain impairments, any of which is sufficient, at step three, to create an irrebuttable presumption of disability." *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). "The regulations also provide for a finding of such a disability *per se* if an individual has an impairment that is 'equal to' a listed impairment." *Id.* (citing 20 C.F.R. 404.1520(d) ("If you have an impairment(s) which ... is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.")). "When a claimant's symptoms appear to match those described in a listing, the ALJ must explain a finding of ineligibility based on the

Listings." *Cardillo v. Colvin*, 2017 WL 1274181, at *4 (N.D.N.Y. Mar. 24, 2017). "While the ALJ may ultimately find that [a considered listing] do[es] not apply to Plaintiff, he must still provide some analysis of Plaintiff's symptoms and medical evidence in the context of the Listing criteria." *Peach v. Colvin*, 2016 WL 2956230, at *4 (W.D.N.Y. May 23, 2016).

At the time the ALJ issued his decision, Medical Listing 12.04 covered "Affective Disorders" and Medical Listing 12.06 covered "Anxiety Disorders." The ALJ expressly considered these Medical Listings in determining that claimant was not disabled. The ALJ specifically considered the requirements of these listings and found that claimant's impairments did not meet or equal them in severity because she did not have two of the following, as required by paragraph B of those listings: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. The ALJ further found that claimant did not suffer from a residual disease process that had resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate, nor was there a current history of one or more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement, as required by paragraph C of the relevant listings.

Contrary to plaintiff's argument, the ALJ's consideration of Medical Listings 12.04 and 12.06 was appropriate and supported by substantial evidence. With respect to the paragraph B criteria, the ALJ concluded that claimant had no limitations in her activities of daily living, a conclusion that was amply supported by claimant's own hearing testimony and the evidence of record. The ALJ further concluded that claimant had only moderate limitations in social functioning. Again, the evidence of record, including Dr. Belen's medical source statement, supports this conclusion. In particular, the Court notes that claimant's treatment records show that she was cooperative, aware of her own problems, and able to interact appropriately with her medical providers. Moreover, claimant herself testified that she had no problems getting along with friends, family, neighbors, or authority figures, nor had she ever lost a job due to an inability to interact appropriately.

The ALJ's conclusion that claimant had mild limitations in concentration, persistence, or pace was also amply supported by the record. Dr. Belen's treatment notes indicated that claimant's attention and concentration were stable, that she was able to follow Dr. Belen's interview without any difficulty, and that her memory was intact. Claimant also testified that she could pay attention, finish what she started, and follow both written and oral instructions.

12

With respect to the paragraph C criteria, the AlJ also appropriately concluded that there was no evidence of repeated episodes of decompensation of an extended duration. The term "repeated episodes of decompensation" as used in the relevant regulations means "three episodes withing one year or an average of one episode every four months, each lasting at least two weeks." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00(C)(4). Plaintiff contends that claimant's three hospital admissions during the relevant time period satisfy these criteria. However, as defendant correctly points out, the record shows that these hospital admissions lasted no more than a week and did occur within one year, and therefore were neither long enough nor frequent enough to satisfy the listing criteria.

Finally, the Court agrees with defendant that there is no evidence that claimant was unable to function independently outside of her home. To the contrary, claimant testified that she was able to shop in stores, attend church weekly, spend time outdoors on walks, and socialize with others. According, there is no basis for the Court to disturb the ALJ's finding in this regard.

In short, the ALJ's consideration of Medical Listings 12.04 and 12.06 was legally adequate and his conclusions are supported by substantial evidence. Under these circumstances, plaintiff has failed to demonstrate that remand to the Commissioner is appropriate.

## V. Conclusion

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 5) is denied and the Commissioner's motion (Docket No. 7) is granted.  Plaintiff's complaint is dismissed in its entirety with prejudice.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: November 30, 2017
Rochester, New York.